SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Paul.Maloney@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:24-cr-00391-IM-11 |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **FREDDY JOHN BISH,** | |
| **Defendant.** | |

Defendant is before the Court for sentencing for his role within a Mexico-based drug trafficking organization responsible for transporting enormous quantities of narcotics into Oregon. Pursuant to a plea agreement, he pled guilty to Count One of the superseding indictment. The government has agreed to recommend the low-end of the calculated guideline, here, 50 months' imprisonment, followed by three years' supervised release. The government recommends this sentence because it is consistent with the advisory sentencing guidelines, proportional to defendant's conduct, accounts for defendant's history and circumstances, and avoids unwarranted sentencing disparities. The recommended sentence therefore achieves the goals of sentencing.

**Government's Sentencing Memorandum** **Page 1**

## I.    SENTENCING CALCULATIONS

### A.    Plea Agreement and PSR Guideline Calculation

The government's guideline calculation is consistent with the Presentence Report (PSR).

| Provision | Description | Offense Level Calculation |
|---|---|---|
| USSG § 2K2.1(a)(3)(A)(i) and (B) | Large capacity firearm with prior crime of violence/controlled substance offense | **BOL=22** |
| USSG § 2K2.1(b)(1)(B) | Possession of 8-24 firearms | +4 |
| USSG § 2K2.1(b)(4)(A) | Stolen firearm | +2 |
| USSG § 2K2.1(b)(6)(C)(i)(III) | Intent to transfer to individual who intended to use/dispose of unlawfully | +5 |
| USSG § 3B1.2(b) | Mitigating Role Adjustment | -2 |
| | **Adjusted Offense Level** | **31** |

The government has agreed to recommend the reductions detailed in the confidential supplement to the PSR including a three-level acceptance of responsibility reduction, and a two-level reduction for defendant's role in the offense.. After all these reductions, the government calculates a total offense level of 26. The PSR correctly calculates defendant's criminal history category II (three points). This calculation produces an advisory guideline range of 70-87 months' imprisonment.

Pursuant to the plea agreement the government has agreed to recommend a downward variance for all 3553(a) factors including defendant's early indication of his intent to resolve this complex case without motions or needless delay.

### C.    The Recommended Sentence

The parties jointly recommend a sentence of 50 months' custody followed by three years' supervised release. For the reasons set forth below, this is a sufficient sentence to achieve goals of federal sentencing.

**Government's Sentencing Memorandum**                                **Page 2**

## II.    ARGUMENT

### A.    Factual Summary

The PSR writer accurately summarized the relevant facts of the government's investigation. PSR ¶¶ 21-30. In summary, defendant was recruited to drive a vehicle containing 12 firearms concealed in the spare tire compartment from Oregon to California. Defendant was initially asked to smuggle the guns into Mexico, but he reclined to drive them any further than California where he agreed to meet an unidentified co-conspirator in Central California who would take possession of the guns to continue the delivery to others unidentified individuals in Mexico.

Investigators were lawfully monitoring communications between other members of the conspiracy. Hugo Roman Aparicio (Roman) was the target of a DEA wiretap investigation. Investigators intercepted communications between Roman, and Jesus Antonio Ruiz Aispuro (Ruiz). From these communications, DEA task force investigators discovered the men were scheming to transfer the firearms to individuals in Mexico to foster good will for future drug transactions. Roman and Ruiz discussed how the guns would be used in Mexico for a "civil war" which Investigators believe was a reference to cartel violence in Mexico. The two men brought Bish into the conspiracy to drive the weapons.

After defendant left Oregon and arrived in California, Roman and Ruiz expressed frustration with defendant's lack of communication. They were angry that defendant had left with the firearms, and they were increasingly concerned that defendant would not deliver the guns as agreed.

Investigators were extremely concerned about these developments and took immediate steps to locate defendant and disrupt the scheme. Investigators alerted CHP to the danger, and

**Government's Sentencing Memorandum**                                      **Page 3**

provided law enforcement authorities in California with information about defendant's location. CHP troopers found the car defendant was driving, developed independent probable cause to stop defendant and lawfully seized the weapons. Below are images of the weapons as they appeared in the spare tire compartment:



Below is an evidence image depicting the guns after they were seized:



**Government's Sentencing Memorandum**                                        **Page 4**

California authorities arrested defendant for unlawfully possessing the firearms. He was convicted there and sentenced to 92 days jail and two years' probation. PSR ¶ 54. Defendant is now before the court for sentencing for conspiring with others to traffic these firearms.

**B.      50 Months' Imprisonment is Sufficient but Not More than Necessary**

Defendant was not a leader/organizer in this conspiracy. Rather, defendant served in a minimal role within the conspiracy. As detailed in the confidential supplement to the PSR, defendant has received many sentencing concessions despite the dangers presented by the firearms he had agreed to transport.

After all other reductions, including a three-level reduction for acceptance of accountability, two-level role reduction, and an agreed upon downward variance, the parties' joint 50-month sentencing recommendation is a sufficient but not more than necessary term of imprisonment.

The plea agreement in this case, and the recommended sentence accounts for the defendant's role in the scheme and balances that against the dangerous firearms he was trafficking to others for unlawful disposal. For these reasons, in addition to those detailed in the government's confidential supplement to the PSR, a sentence of 50 months' imprisonment and three years' supervised release is more than warranted for defendant's offense. This sentence is sufficient but not more than necessary to achieve the goals of sentencing.

/ / /


/ / /


/ / /

**Government's Sentencing Memorandum**                                                                 **Page 5**

III.    CONCLUSION

Based on the forgoing, the government recommends that this Court impose a sentence of 50 months' imprisonment, order defendant to pay a $100 fee assessment, followed by a three-year term of supervised release, subject to the standard conditions and special conditions set forth in the PSR.

Dated: May 19, 2026                                Respectfully submitted,

                                                   SCOTT E. BRADFORD
                                                   United States Attorney


                                                   PAUL T. MALONEY, QSB #013366
                                                   Assistant United States Attorney